See also, 627 F.2d 18.

**Virginia NORTON, surviving widow of and the Personal Representative of James Norton, deceased, Plaintiff,**

v.

**INTERNATIONAL HARVESTER COMPANY, Royal Globe Insurance Company, Ross Gear Division of TRW, Inc., and The Travelers Indemnity Company, Defendants.**

No. 76–C–6.

United States District Court,
E. D. Wisconsin.

Feb. 13, 1981.

William Denny, Denny & Yanisch, Milwaukee, Wis., for plaintiff.

Donald H. Carlson, Riordan, Crivello, Sullivan & Carlson, Milwaukee, Wis., for defendants.

## MEMORANDUM AND ORDER

WARREN, District Judge.

On November 18, 1980, defendants in the above-entitled action filed a motion pursuant to Local Rule 9.02 for certain costs incurred at trial and on appeal. Specifically, defendants request an order granting them costs for the following:

(1) Daily Transcript Fee for the Testimony of Archie Easton;

(2) For Costs Incurred by the Defendants in Preparation of Demonstrative Evidence used during the Trial.

(3) Reporter's Fee Incurred for Preparation of Significant Testimony of Archie Easton, the Plaintiff's Expert, as well as of Investigating Police Officer and Defendants' Experts;

The Court will address each request separately.

### Costs for Daily Transcripts

Defendants request $1,653.00 in costs for daily transcripts for the testimony of Archie Easton. Defendants contend that the costs incurred for a daily transcript were both reasonable and necessary because the plaintiff's case was based, in large part, on Mr. Easton's expert opinions. Defendants also contend that the daily transcripts were reasonable and necessary inasmuch as substantial portions of Mr. Easton's testimony were utilized by the defendants in their motion to dismiss at the conclusion of trial.

Plaintiff objects to the taxation of costs for daily transcripts. She argues that fundamental fairness demands that, absent a *prior* order of the Court approving daily transcripts, the cost of daily transcript should not be taxed against the opposing party.

Under 28 U.S.C. § 1920, a prevailing party is entitled to tax, as an item of costs, the fees of the court reporter for all or any part of the stenographic transcripts necessarily obtained for use in the case. Local Rule 9.02(a) incorporates this statute and sets the maximum fees for such transcripts. In addition, it provides that "in the case of a daily transcript, a written order of the court or a written stipulation approved by the court is necessary."

■ Although the more prudent practice is to seek judicial approval before ordering daily transcripts, this Court has taken the position that the failure to obtain prior approval will not automatically preclude an award of costs for daily copy. *Juneau Square Corp. v. First Wisconsin National Bank*, (E.D.Wisc., Dec. 29, 1980) (order dealing with costs). Rather, the Court must determine whether the use of a daily transcript was necessary.

■ There is no question that the availability of the daily transcript aided defendants. Defendants were able to use statements made by Mr. Easton prior to trial and earlier in the trial to challenge statements he made at trial. That the daily transcripts were helpful, however, is not sufficient to support a finding that they were necessary. As plaintiff points out in her brief, daily transcripts are a relative luxury for trial counsel and are not routinely taxable. Because the Court is of the opinion that the use of daily transcripts was a relative luxury and was not necessary for trial, defendants' request for costs of daily transcript is denied.

### Costs for Demonstrative Exhibits

■ Defendants have also requested an order from the Court allowing them to tax as an item of costs the expense of preparing the demonstrative exhibits used at each trial. Defendants contend that they are entitled to these costs because the exhibits aided the juries in understanding the case. The plaintiff argues that, under Local Rule 9.02, a prior order of the Court was necessary for these expenses to be awarded as an item of costs.

In *Wahl v. Carrier Manufacturing Co., Inc.*, 511 F.2d 209 (7th Cir. 1975), the seventh circuit dealt with the issue of allowing costs for the production of demonstrative exhibits. Although the court did not mandate the parties seek prior judicial approval before using such exhibits that they might later wish to tax as costs, it strongly suggested that such a procedure be followed. The court stated:

> Ordinarily, it will be best to follow Professor Moore's suggestion that prior approval of the district court be obtained, if a party wishes to use an expensive model, or exhibit, the expense of which he will seek to have taxed as costs. [citations omitted.]

The court further admonished the district courts to heed the language of the Supreme Court in *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964) where the court stated that "The discretion given to district judges to tax costs should be sparingly exercised with references to expenses not specifically allowed by statute."

Local Rule 9.02(d) provides: "Costs of maps, charts, models, photographs, summaries, computations, and statistical comparisons are not taxable except by order of the court." Even though the local rule does not expressly require prior judicial approval for the taxation of demonstrative exhibits, the language of the seventh circuit in *Wahl*, together with the admonition of the Supreme Court in *Farmer*, provides a basis for requiring that judicial approval be sought before using expensive demonstrative exhibits at trial if the party later desires to have them taxed as an item of costs. *See Juneau Square v. First Wisconsin National Bank*, (E.D.Wis. Dec. 29, 1980).

Because defendants did not request prior court approval to tax as an item of costs the costs incurred in using demonstrative evidence, the Court holds that their request for an order allowing the taxation of these costs must be and is hereby denied.

### Other Reporter's Fee

In addition to seeking costs for daily transcripts, defendants seek an order allowing them to tax as costs the fees incurred in presenting to the seventh circuit other testimony. Defendants claim that plaintiff, in her appeal, presented very skimpy portions of the testimony of several witnesses. To enable the seventh circuit to have a clear understanding of the issues involved, defendants argue that it was necessary to present substantial portions of the testimony of John Arrabit; substantial portions of the testimony of the defendants' reconstruction expert, Professor J. Stannard Baker; substantial portions of the testimony of the plaintiff's expert, Archie Easton (including voir dire examination and re-voir dire examination); substantial portions of the testimony of Officer William Harper; portions of the testimony of John Shyne, the defendants' expert metallurgist; the testimony of John Stilwell, the defendants' design expert; and portions of the testimony of Richard Thelen. Defendants state the testimony of Sergeant Harper and Officer Arrabit was also presented to ensure that the seventh circuit knew that the driver of the truck did not complain of steering difficulties occurring either before or after the truck hit the Pinto.

Plaintiff contends that she ordered and paid for all of the two police officers' testimony and all of the testimony of the defendants' expert Thelen. She also contends that the transcripts were not necessary because they did not pertain to the issues of the police report or test specimen's admissibility, the two issues raised by plaintiff on appeal.

Having considered the arguments of both parties, the Court is of the opinion that the additional transcripts were necessary for a full understanding of the issues on appeal. Because plaintiff's theory on appeal was premised on the ground that the levershaft was not crashworthy, defendants acted properly in attempting to rebut that premise.

Finally, the Court rejects plaintiff's contention that defendants have made no showing that the $1,067.00 claimed is based upon the maximum per page charge permit-

ted under Local Rule 15.03. The Court will not assume that the court reporter charged defendants rates higher than those allowed in Local Rule 15.03.

In summary, it is hereby ordered that:

(1) Defendants' request for daily transcript be denied.

(2) Defendants' request for costs of demonstrative evidence be denied.

(3) Defendants' requests for the costs of transcripts necessary for appeal be granted.

SO ORDERED.